**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **MARIO MARCUS DOMINGUEZ,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:05-CV-0269-L** |
| | § | |
| **DOUGLAS DRETKE, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| | § | |
| **Respondent.** | § | |

**MEMORANDUM OPINION AND ORDER**

This is a habeas case brought under 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this action was referred to the United States magistrate judge for proposed findings and recommendation.  On September 22, 2005, the Findings and Recommendation of the United States Magistrate Judge ("Report") were filed.  Petitioner filed Petitioner[']s Objections to the Findings and Recommendations of the United States Magistrate Judge ("Objection") on November 9, 2005.

Petitioner was convicted of two counts of aggravated assault[*] and sentenced to 15 years confinement in each case. His convictions were affirmed on direct appeal and state collateral review. Here, Petitioner contends that: (1) the trial court abused its discretion by failing to conduct  a competency hearing; (2) the prosecutor exercised her peremptory challenges in a discriminatory

---

[*]Petitioner was convicted in case number F-0001166-ST of assaulting his girlfriend, Christy Orona. He was convicted in case number F-0001167-ST of assaulting Orona's former boyfriend, Chris Hilliard.

**Memorandum Opinion and Order – Page 1**

manner by striking all Hispanics from the jury without just cause; and (3) he received ineffective assistance of counsel at trial and on appeal.

The magistrate judge noted that Petitioner is barred by the one-year statute of limitations of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") from raising claims related to one of his convictions, case number F-0001167-ST, that became final on July 29, 2002. *See* 28 U.S.C. § 2244(d)(1)(A). Report at 2 n.1. The one-year limitation period for filing a federal petition expired on July 29, 2003. Petitioner did not file his state writ petition regarding case number F-0001167-ST until December 4, 2003, and his federal writ petition until February 1, 2005. Thus both petitions were filed after the expiration of the statute of limitations, and Petitioner's challenges regarding the case is time-barred.

Regarding Petitioner's contention that a competency hearing was required, the magistrate judge determined that this ground for relief is without merit and should be overruled. *Id.* at 5. A defendant is competent if "he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding . . . of the proceedings against him." *Dusky v. United States*, 362 U.S. 402, 402 (1960). "In determining whether a competency hearing is required, a trial court should give particular consideration to (1) the existence of a history of irrational behavior; (2) the defendant's bearing and demeanor at the time of trial; and (3) prior medical opinions." *Enriquez v. Procunier*, 752 F.2d 111, 113 (5th Cir. 1984), *cert. denied,* 471 U.S. 1126 (1985). The magistrate judge found that Petitioner failed to rebut, with clear and convincing evidence, the state court's finding that there was nothing in the trial record to alert the trial judge that Petitioner was not competent. Specifically, there was no evidence that Petitioner lacked the ability to consult with his attorney or understand the proceedings against him.

**Memorandum Opinion and Order – Page 2**

The magistrate judge also determined that Petitioner was barred from litigating in federal court his claim that Hispanics were struck from the jury without just cause.  Report at 5.  Federal review of a claim is procedurally barred if a state court denies the relief sought based on a state procedural default.  *Coleman v. Thompson*, 501 U.S. 722, 729 (1991).   The state court found that Petitioner failed to timely object to Hispanics being struck from the jury at trial, and thus had forfeited this claim.  The magistrate judge concluded that Petitioner is therefore barred from bringing this claim in federal court.

Regarding Petitioner's ineffective assistance of counsel claim, the magistrate judge found that this ground for review should be overruled.  The Supreme Court set the standard for determining an ineffective assistance of counsel claim in *Strickland v. Washington*, 466 U.S. 668 (1984).

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

*Id.* at 687.  The state court found that Petitioner's trial and appellate counsels were effective in their representation of Petitioner.  The magistrate judge concluded that Petitioner has failed to rebut the findings of the state court by producing clear and convincing evidence of ineffective assistance of counsel.

In his Objection, Petitioner contends that he intended to appeal both convictions, but that one of the convictions was inadvertently omitted.  He requests equitable tolling of this conviction

**Memorandum Opinion and Order – Page 3**

because of extraordinary circumstances.  Petitioner maintains that there was clear and convincing evidence of his incompetence because the record reflects that  he had depression, paranoia, insomnia, and suicide ideation; and was prescribed anti-depressants and anti-psychotics.  Thus Petitioner maintains that he was unable to reasonably and rationally participate in his own defense. Petitioner also objects to the magistrate judge's finding that he was barred from litigating in federal court his claim regarding the striking of all Hispanics from serving on the jury.  He maintains that the ineffectiveness of his counsel should excuse this default.  Regarding his claim of ineffective assistance of counsel, Petitioner maintains that the state court, and the magistrate judge, unreasonably applied the *Strickland* standard, and reurges his contention that his trial counsel was ineffective by failing to investigate his competency, failing to request a mental health expert, failing to use the affirmative defense of insanity, failing to make objections to hearsay statements, failing to call any witnesses and failing to conduct an independent investigation.  Petitioner also maintains that his appellate counsel was ineffective because he failed to consult with Petitioner regarding the facts of the case, failed to investigate Petitioner's mental health, and failed to provide a reasonably adequate appeal.

After making an independent review of the pleadings, file and record in this case, and the findings and conclusions of the magistrate judge, and having considered Petitioner's objection thereto, the court determines that the findings and conclusions of the magistrate judge are correct. They are therefore accepted as those of the court.  Accordingly, the court **overrules** Petitioner[']s Objections to the Findings and Recommendations of the United States Magistrate Judge; and **denies** Petitioner's petition for the writ of habeas corpus.  The court **dismisses this action with prejudice,** as Petitioner's writ is time-barred pursuant to 28 U.S.C. § 2244(d)(1) regarding his conviction in

**Memorandum Opinion and Order – Page 4**

cause number F-0001167-ST; and Petitioner has failed to meet his burden of proof for the granting

of relief under 28 U.S.C. §§ 2254(d)(1), 2254(e)(1) as to his remaining claims.

   **It is so ordered** this 29th day of December, 2005.


                                        Sam A. Lindsay
                                        United States District Judge